# Date of Appointment for Purposes of Calculating the Term of an Interim United States Attorney

The appointment date of an interim United States Attorney appointed by the Attorney General is established by the Attorney General's intent, and here the form of order used by the Attorney General expressly states her intent — that the appointment is made upon satisfaction of the conditions that the office is vacant and that the designee has taken the oath of office.

March 16, 2000

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

In a memorandum dated March 10, 2000, we concluded that the 120-day period of service provided in 28 U.S.C. § 546(c)(2) (1994) for an interim United States Attorney appointed by the Attorney General is calculated from the date of the appointment, rather than from the date of the vacancy. *See Starting Date for Calculating the Term of an Interim United States Attorney*, 24 Op. O.L.C. 31 (2000). The form of order typically used by the Attorney General to appoint an interim United States Attorney provides: "This order shall 'be effective' once the office is vacant and the oath of office has been taken." *See, e.g.*, A.G. Order No. 2291–2000 (Mar. 6, 2000). You have now asked whether, under this form of order, the 120 days is calculated from the date the Attorney General signs the order or from the date the designee takes the oath of office. We have concluded that the date of the appointment is established by the Attorney General's intent. Here, the Attorney General's intent is expressly stated in the order: the appointment is made upon satisfaction of the conditions that the office is vacant and the designee has taken the oath of office.

Although the appointment of an interim United States Attorney is typically done through the issuance of an Attorney General order, the order itself is not the appointment; instead, the order is conclusive evidence of that appointment. *Cf. United States v. Le Baron*, 60 U.S. (19 How.) 73, 78 (1856); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 155–56 (1803). The determinative issue is the Attorney General's intent regarding the date of the appointment. As a result, the date of the appointment will not always be the same as the date on which the order is signed.

In the absence of evidence of a contrary intent, an appointment is made on the date that the instrument evidencing that appointment is signed. *See, e.g.*, Memorandum for Fred F. Fielding, Counsel to the President, from Ralph W. Tarr, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Appointment of New Members to the International Trade Commission* 7 (Mar. 22, 1984). Here, however, the instrument evidencing the appointment (the Attorney General order) clearly expresses a different intent. Accordingly, when an order of this form is used, the appointment does not occur, and the 120-day period provided for in

§ 546(c)(2) does not begin, until the date on which the conditions of the order are met, i.e., the office is vacant and the designee has taken the oath of office.[1]

RANDOLPH D. MOSS
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[1] A third, possible position would be that — regardless of the Attorney General's intent — the appointment is synonymous with the complete investiture of the office, and therefore the date of the appointment is the date on which the interim United States Attorney takes office. Precedent has long established, however, that the appointment and the taking of the office are two separate matters that do not necessarily coincide. *See, e.g., Le Baron*, 60 U S at 78